# United States Court of Appeals for the Federal Circuit

*Corrected: August 3, 2005*

04-7117, -7128

DISABLED AMERICAN VETERANS,

Petitioner,

and

THE AMERICAN LEGION and
THE NATIONAL VETERANS LEGAL SERVICES PROGRAM,

Petitioners,

v.

SECRETARY OF VETERANS AFFAIRS,

Respondent.


Ronald L. Smith, Disabled American Veterans, of Washington, DC, argued for petitioner Disabled American Veterans. With him on the brief was Donald E. Purcell.

Ana Holmes, Steptoe & Johnson LLP, of Washington, DC, argued for petitioners The American Legion and The National Veterans Legal Services Program. On the brief was Jeffrey E. McFadden. Of counsel on the brief was Barton F. Stichman, National Veterans Legal Services Program, of Washington, DC.

Martin F. Hockey, Jr., Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General and David M. Cohen, Director. Of counsel were Mark A. Melnick, Assistant Director, and Cristina C. Ashworth, Attorney. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Martin J. Sendek, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Department of Veterans Affairs

# United States Court of Appeals for the Federal Circuit

04-7117, -7128

DISABLED AMERICAN VETERANS,

Petitioner,

and

THE AMERICAN LEGION and THE NATIONAL
VETERANS LEGAL SERVICES PROGRAM

Petitioners,

v.

SECRETARY OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED: August 3, 2005

_____

Before MICHEL, <u>Chief Judge</u>, MAYER and DYK, <u>Circuit Judges</u>.

Opinion for the court filed by <u>Circuit Judge</u> DYK. Dissenting opinion filed by <u>Circuit Judge</u> MAYER.

DYK, <u>Circuit Judge</u>.

Disabled American Veterans, the American Legion, and the National Veterans Legal Services Program (collectively "petitioners") petition for review of a regulation promulgated by the Secretary of Veterans Affairs, 38 C.F.R. § 20.901(a). We hold that the regulation is valid and accordingly deny the petition for review.

BACKGROUND

This case involves a regulation that authorizes the Board of Veterans Appeals (hereinafter "Board") to secure medical opinions from health care professionals within the Department of Veterans Affairs ("VA"). Some background on the administration of veterans benefits is helpful to understanding the operation of this regulation.

Among the most important of benefit programs administered by the VA is the disability compensation program, which provides compensation to veterans who suffer a "disability resulting from personal injury suffered or disease contracted in line of duty." 38 U.S.C. § 1110 (2000). A veteran claiming benefits submits an application to the VA, and an initial decision on benefits is rendered by the Secretary of Veterans Affairs ("Secretary") under 38 U.S.C. § 511(a). As a practical matter the initial decision is usually made by the Secretary's delegate at the regional office under the authority of 38 C.F.R. § 3.100. The entity that renders the initial decision is known as the "agency of original jurisdiction," 38 C.F.R. § 20.3(a) (2004), but for convenience we will refer to it as the regional office.

Generally, a veteran who claims entitlement to disability compensation benefits must show (1) a current disability; (2) an in-service precipitating disease, injury or event; and (3) nexus between the current disability and the in-service events. See Epps v. Gober, 126 F.3d 1464, 1468 (Fed. Cir. 1997); see also Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004) (presumption that an injury incurred during active duty is service-connected). Medical evidence and medical opinion is important to the questions of whether there is a disability and whether that disability is service-connected.

04-7117, -7128                                   2

Recognizing the importance of such medical evidence and opinion, Congress specifically vested the VA with a duty to provide a medical examination and to obtain a medical opinion "when such an examination or opinion is necessary to make a decision on the claim." 38 U.S.C. § 5103A(d) (2000). The statute deems medical evidence and opinion to be necessary when the record "contains competent evidence that the claimant has a current disability . . . , indicates that the disability or symptoms may be associated with the claimant's active . . . service" and "does not contain sufficient medical evidence for the Secretary to make a decision on the claim." Id. Thus, when necessary to the making of an initial determination on a claim, the VA is generally required by statute to make reasonable efforts to obtain relevant medical records, to provide medical examinations, and to secure medical opinions.

The Board is an appellate body within the VA that reviews initial decisions made under 38 U.S.C. § 511. "Decisions of the Board [are] based on the entire record." 38 U.S.C. § 7104(a) (2000). As we have noted, the Board conducts de novo review of regional office proceedings based on the record. See Donovan v. West, 158 F.3d 1377, 1381 (Fed. Cir. 1998). The Board decides approximately 35,000 to 40,000 cases per year.

In a departure from the Board's primary function as an appellate body, VA regulations have since the early 1960s allowed the Board to secure medical opinions from within the VA from the Chief Medical Director (now the Under-Secretary of Health). In 1999, the Board obtained 482 medical opinions from the Chief Medical Director. The securing of such opinions by the Board avoids a remand.

The regulation permitting the obtaining of medical opinions from the Chief Medical Director was first adopted in 1964,[1] but the practice has existed since at least 1962. The regulation was renumbered and several minor amendments were made over the next 35 years.[2] In 2001, the present, somewhat broader regulation was adopted as an interim final rule, but the Secretary invited comments concerning the proposed final rule. 66 Fed. Reg. 38158, 38159 (July 23, 2001). After receiving comments, the interim final rule was adopted as the final rule without any change in the text. 69 Fed. Reg. 19935, 19937 (Apr. 15, 2004). The regulation states:

> Opinion from the Veterans Health Administration. The Board may obtain a medical opinion from an appropriate health care professional in the Veterans Health Administration of the Department of Veterans Affairs on medical questions involved in the consideration of an appeal when, in its judgment, such medical expertise is needed for equitable disposition of an appeal.

---

[1] The first regulation provided:

> Opinion of the Chief Medical Director. The Board may obtain an expert medical opinion from the Chief Medical Director of the Veterans Administration on medical questions involved in the consideration of an appeal, when in its judgment such medical expertise, in addition to that available from the Board's medical staff, is needed for equitable disposition of the appeal.

38 C.F.R. § 19.144 (1965).

[2] The version in effect in 2000 provided:

> Opinion of the Chief Medical Director. The Board may obtain a medical opinion from the Chief Medical Director of the Veterans Health Administration of the Department of Veterans Affairs on medical questions involved in the consideration of an appeal when, in its judgment, such medical expertise is needed for equitable disposition of an appeal.

38 C.F.R. § 20.901(a) (2000).

38 C.F.R. § 20.901(a) (2004). The regulations also provide that the veteran must be furnished with a copy of the opinion and given 60 days to respond. 38 C.F.R. § 20.903(a) (2004). In the final rule, the Secretary cited 38 U.S.C. §§ 5103A and 7109 as authority for the regulation. 38 C.F.R. § 20.901(a) (2004).

Petitioners contend that 38 C.F.R. § 20.901(a) is invalid because it is contrary to the appellate function of the Board and the "one review on appeal" requirement of 38 U.S.C. § 7104(a). We have jurisdiction pursuant to 38 U.S.C. § 502.

DISCUSSION

I

There is no doubt that the challenged regulation does allow the Board to consider evidence that was not before the regional office as an original matter. Nor is there any doubt that the Board generally functions in an appellate capacity.

The Board was first established by Executive Order and then by statute in 1946. Act of June 22, 1946, ch. 448, 60 Stat. 299. Its functions were codified into statute by the Veterans Benefits Act of 1957, Pub. L. No. 85-56, 71 Stat. 83. As described in Bates v. Nicholson, 398 F.3d 1355, 1363-64 (Fed. Cir. 2005), the Board's existence and performance of an appellate function long predated judicial review of veterans claims, which was not provided until 1988. See Veterans' Judicial Review Act, Pub. L. No. 100-687, 102 Stat. 4105 (1988).

Incorporating the prior regulation, section 1304(a) of the Veterans' Benefits Act of 1957 provided that:

> All questions on claims involving benefits under the laws administered by the Veterans' Administration shall be subject to one review on appeal to the Administrator. Final decisions on such appeals shall be made by the Board.

Veterans' Benefits Act § 1304(a), 71 Stat. at 128.  This provision has been subject to only minor amendments, and currently appears at 38 U.S.C. § 7104(a), which provides, in pertinent part:

> All questions in a matter which under section 511(a) of this title is subject to decision by the Secretary <u>shall be subject to one review on appeal</u> to the Secretary.  Final decisions on such appeals shall be made by the Board.  Decisions of the Board shall be based on the entire record in the proceeding.

(emphasis added).  As we held in <u>Disabled American Veterans v. Secretary of Veterans Affairs</u>, 327 F.3d 1339, 1346-47 (Fed. Cir. 2003) ("DAV I"), this "one review on appeal" provision of section 7104(a) generally bars the Board from considering new evidence that was not before the regional office.

In <u>DAV I</u>, the petitioner challenged the validity of 38 C.F.R. § 19.9(a)(2) (2002), which provided:

> If further evidence . . . or any other action is essential for a proper appellate decision, a Board Member or panel of Members may . . . [d]irect Board personnel to undertake the action essential for a proper appellate decision.

We held that § 19.9(a)(2) was "inconsistent with 38 U.S.C. § 7104(a), because § 19.9(a)(2) denies appellants 'one review on appeal to the Secretary' when the Board considers additional evidence."  <u>DAV I</u>, 327 F.3d at 1347.  However, in <u>DAV I</u> we also noted that there were several exceptions where "Congress has provided express statutory authority to permit the Board to obtain additional evidence, such as expert medical opinions in specific cases."  <u>Id.</u>[3]

---

[3]     The <u>DAV I</u> opinion stated:

The government argues that 38 U.S.C. § 7109, relied on by the Secretary as authority for promulgating the regulation, creates the necessary exception to the "one review on appeal" rule in section 7104. The government also argues that, even if the statutory authority is ambiguous, deference should be given to the Secretary's interpretation of the statute under Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). We conclude that the statute clearly provides authority for the regulation and thus do not reach the deference issue. See id. at 843 n.9 ("If a court, employing traditional tools of statutory construction, ascertains that Congress had an intention on the precise question at issue, that intention is the law and must be given effect.").

Section 7109 was enacted in 1962 and currently provides:

§ 7109. Independent medical opinions

---

Congress has provided express statutory authority to permit the Board to obtain additional evidence, such as expert medical opinions in specific cases. See, e.g., 38 U.S.C. § 5107(a) (2000) (authorizing Board to obtain medical opinions from the VA's Under Secretary for Health (formerly the Chief Medical Director)); 38 U.S.C. § 7109 (2000) (authorizing Board to obtain independent medical opinions from outside the VA); 38 C.F.R. § 20.901(a) (2002) (authorizing Board to obtain opinions from the Veterans Health Administration); 38 C.F.R. § 20.901(b) (authorizing Board to obtain medical opinions from the Armed Forces Institute of Pathology).

Id. at 1347-48. The citation to 38 U.S.C. § 5107(a) referred to the pre-2000 code provision concerning the Secretary's duty to assist claimants, and not the 2000 version. That earlier provision stated: "The Secretary shall assist such a claimant in developing the facts pertinent to the claim. Such assistance shall include requesting information as described in section 5106 of this title." 38 U.S.C. § 5107 (1994). The provision is now codified with amendments at 38 U.S.C. § 5103A, and the VA relied in part on this provision in promulgating 38 C.F.R. § 20.901. In light of our decision upholding the regulation under section 7109, we need not address petitioners' argument that section 5103A cannot be a source of Board authority, nor need we decide whether section 5103A provides authority for the regulation.

(a) When, in the judgment of the Board, expert medical opinion, <u>in addition to that available within the Department</u>, is warranted by the medical complexity or controversy involved in an appeal case, the Board may secure an advisory medical opinion from one or more independent medical experts who are not employees of the Department.

(b) The Secretary shall make necessary arrangements with recognized medical schools, universities, or clinics to furnish such advisory medical opinions at the request of the chairman of the Board. Any such arrangement shall provide that the actual selection of the expert or experts to give the advisory opinion in an individual case shall be made by an appropriate official of such institution.

(c) The Board shall furnish a claimant with notice that an advisory medical opinion has been requested under this section with respect to the claimant's case and shall furnish the claimant with a copy of such opinion when it is received by the Board.

38 U.S.C. § 7109 (2000) (emphasis added). The petitioners agree that section 7109 authorizes the Board to secure advisory medical opinions from "independent medical experts who are not employees" of the VA. But they argue that the statute does not authorize the securing of medical opinions from within the VA.

However, the language of section 7109 explicitly provides that the Board may obtain a medical opinion when "in the judgment of the Board, expert medical opinion, <u>in addition to that available within the Department</u>, is warranted by the medical complexity or controversy involved in an appeal." <u>Id.</u> (emphasis added). In <u>Lewis v. United States</u>, 244 U.S. 134 (1917), the Supreme Court held that a similar statutory provision, assuming the existence of legislative action, was the equivalent of providing legislative authority. The issue in <u>Lewis</u> was whether the office of surveyor general of Louisiana had been abolished by statute. The relevant statute did not appear to expressly abolish

the office, rather, on its face it only appropriated funds in light of an assumed abolition of the office.[4] The Supreme Court held:

> [W]hen Congress acted upon the assumption that the office was abolished and provided for the unfinished work pertaining to the surveys, "caused by the discontinuance" of the office, such action was tantamount to a direct repeal of the act creating the office and had the effect to abolish it.

244 U.S. at 144. In the present case Congress enacted section 7109 upon the assumption—expressed in the statutory text—that the Board had authority to procure an internal VA medical opinion. Under Lewis, such action is tantamount to a direct grant of authority to secure internal VA opinions in section 7109.[5]

Even if the statutory text were not clearly an authorization, section 7109 was enacted against the background of a long-standing agency practice of securing internal VA medical opinions. This practice antedated the enactment of section 7109 in 1962. Act of Sept. 19, 1962, Pub. L. No. 87-671, 76 Stat. 557. The original House version of Public Law 87-671 would have explicitly required the Chief Medical Director to submit medical opinions to the Board in certain categories of cases. See 108 Cong. Rec. 5517-18 (Apr. 2, 1962). The Senate version of the bill removed the mandatory

---

[4] The relevant statute provided:

> To enable the Secretary of the Interior to complete the unfinished drafting and field-note writing pertaining to surveys in the States of Minnesota, North Dakota, and Louisiana, caused by the discontinuance of the offices of the surveyors general in those States, six thousand five hundred dollars [is appropriated].

Act of Mar. 4, 1909, 35 Stat. 945, 987 (emphasis added).

[5] To be sure the dissent points out that the heading of § 7109 refers to "Independent medical opinions." But the heading cannot limit the statutory authorization to such independent medical opinions because "the title of a statute and the heading of

---

04-7117, -7128                                    9

requirement of securing medical opinions from the Chief Medical Director. The legislative history makes clear that Congress was not in any way disapproving the Board's then already-existing practice, but only wished to leave the Board with discretion over the matter. The Senate Report stated:

> The bill, as approved by the committee, makes no reference to the Board of Veterans' Appeals securing an advisory opinion from the Chief Medical Director . . . since this is a matter within Agency discretion and ample authority for this practice now exists. In fact, the committee was informed that between 200 and 300 cases per year are currently submitted to the Chief Medical Director by the Board of Veterans' Appeals for expert advisory opinions.

S. Rep. No. 87-1844, at 2 (1962) (emphasis added). The Senate version of the bill was eventually passed. See 108 Cong. Rec. 18406 (Sept. 4, 1962); see also Padgett v. Nicholson, 19 Vet. App. 133, 141-42 (2005) (summarizing the legislative history of § 7109). The legislative history shows that Congress in enacting section 7109 contemplated that departmental medical opinions would be secured by the Board.[6]

Both prior and subsequent to the enactment of section 7109, Congress has done nothing to disturb this well-settled agency practice, and as Senate Report 87-1844 indicates, this inaction was intentional. As the Supreme Court and this court have repeatedly held, congressional inaction in the face of long-standing agency practice can rise to the level of implied adoption. Thus in United States v. Midwest Oil Co., 236 U.S.

---

a section cannot limit the plain meaning of the text." Bhd. of R.R. Trainmen v. Baltmore & Ohio R.R., 331 U.S. 519, 528-29 (1947).

[6] See Br. of Disabled American Veterans at 18 ("[T]he report indicates that in 1962 the Committee believed there was authority for [the Board to obtain and consider medical opinions offered by VA employees]."). The 1962 legislative history is not undermined by the subsequent legislative history in a 1988 House Report, stating that the Board may "on its own initiative, obtain medical advice from independent medical specialists." H.R. Rep. No. 100-963, at 15 (1988). This statement does not implicitly exclude obtaining medical opinions from within the VA.

459 (1915), the Court held that congressional silence in the face of a long-standing Executive practice of temporarily withdrawing public land from private acquisition (a practice that was reported to Congress) was "equivalent to consent to continue the practice until the power was revoked by some subsequent action by Congress." Id. at 481; see United States v. Am. Trucking Ass'ns, Inc., 310 U.S. 534, 549-50 (1940); Micron Tech., Inc. v. United States, 243 F.3d 1301, 1312 n.10 (Fed. Cir. 2001) (collecting cases); San Huan New Materials High Tech, Inc. v. Int'l Trade Comm'n, 161 F.3d 1347, 1355 (Fed. Cir. 1999) (noting that Congress ratifies agency practice when it legislates in that area of law covered by practice, with full awareness of agency's practice, and does not change or refer to that practice). Here, the long-standing agency practice, recognized both in the legislative history and the text of section 7109, was specifically approved.

As the dissent points out, reliance on long-standing agency practice must be tempered with some caution in the veterans context because judicial review was not provided until 1988. Thus in Brown v. Gardner, 513 U.S. 115, 122 (1994), the Supreme Court held a VA regulation invalid despite the fact that it had existed for over sixty years. Gardner is plainly distinguishable. In Gardner "the record of congressional discussion preceding reenactment [made] no reference to the VA regulation, and there [was] no other evidence to suggest that Congress was even aware of the VA's interpretive position." Id. at 121.[7] In contrast, when Congress enacted section 7109 it was not only

---

[7]     See also Schism v. United States, 316 F.3d 1259, 1297 (Fed. Cir. 2002) (en banc) ("[T]he Supreme Court has repeatedly made clear that an important foundation of acquiescence is that Congress as a whole was made aware of the administrative construction or interpretation and did not act on contrary legislation despite having this knowledge."); Butterbaugh v. Dep't of Justice, 226 F.3d 1332, 1342

aware of the Board's practice of securing internal VA medical opinions, it explicitly recognized and endorsed that practice in both the legislative history and the statutory text. Under these circumstances, Gardner does not undermine our conclusion that Congress has ratified and authorized the Board's long-standing practice. Sears v. Principi, 349 F.3d 1326, 1330 (Fed. Cir. 2003) ("When considering the legislative context of these provisions, it is also worth noting that the DVA regulation has been in place for many years, without legislative overruling, and despite frequent legislation by Congress.").

Finally, we reject petitioner American Legion's argument that, even if the Board is authorized to secure VA opinions, it may not then consider them, for authority to consider an opinion inherently flows from the authority to secure it. We also note that, for the first time in its reply brief, the American Legion has argued that the current regulation is overbroad because it allows the securing of medical opinions from any "appropriate health care professional in the Veterans Health Administration" instead of only the Chief Medical Director, since the legislative history only noted the practice of receiving opinions from the Chief Medical Director. We reject that argument because section 7109 broadly permits the Board to obtain medical opinions from "within the Department" as a whole.

Thus, we conclude that the statute authorizes the Board to secure medical opinions from "within the Department" while a claim is on appeal, and that the regulation is a valid exercise of that authority.

---

(Fed. Cir. 2003) ("[C]ourts are loath to presume congressional endorsement unless the issue plainly has been the subject of congressional attention."); Micron Tech., 243 F.3d at 1311-12 & n.10.

## CONCLUSION

For the foregoing reasons, the petition for review is denied.

<u>DENIED</u>

No costs.

# United States Court of Appeals for the Federal Circuit

04-7117, -7128

DISABLED AMERICAN VETERANS,

Petitioner,

and

THE AMERICAN LEGION and
THE NATIONAL VETERANS LEGAL SERVICES PROGRAM,

Petitioners,

v.

SECRETARY OF VETERANS AFFAIRS,

Respondent.

MAYER, <u>Circuit Judge</u>, dissenting.

Because neither 38 U.S.C. § 7109(a) nor 38 U.S.C. § 5103A authorizes the Board of Veterans' Appeals to secure medical opinions from Department of Veterans Affairs ("VA") employees, and because neither provides an exception to the requirement of 38 U.S.C. § 7104(a) that "[a]ll questions . . . subject to decision by the Secretary shall be subject to one review on appeal," 38 C.F.R. § 20.901(a) is invalid. Section

20.901(a)[1] is inconsistent with section 7104(a)[2] because it denies appellants "one review on appeal to the Secretary" when, absent a veteran's waiver, it allows the board to seek and consider medical opinions from health care professionals from within VA without remanding the case to the agency of original jurisdiction, or regional office, for initial consideration. Disabled Am. Veterans v. Sec'y of Veterans Affairs, 327 F.3d 1339, 1345-48 (Fed. Cir. 2003) ("DAV I"). "Together, [38 U.S.C.] §§ 511(a) and 7104(a) dictate that the Board acts on behalf of the Secretary in making the ultimate decision on claims and provides 'one review on appeal to the Secretary' of a question 'subject to decision by the Secretary' under § 511(a)." Id. at 1347. The board was not created by the Secretary and does not operate under any authority delegated to it by the Secretary. See 38 U.S.C. § 7101(a). To the contrary, the clear congressional design and purpose was to create an appellate body independent of the Secretary to review decisions of the various VA agencies of original jurisdiction. "The Board is 'primarily an appellate tribunal' of the VA that decides appeals from denials of claims for veterans' benefits," DAV I, 327 F.3d at 1346 (quoting Scates v. Principi, 282 F.3d 1362, 1366-67 (Fed. Cir. 2002)), and Congress must expressly grant it authority to consider evidence in the first instance.

---

[1] The challenged regulation allows the board to "obtain a medical opinion from an appropriate health care professional in the Veterans Health Administration of the Department of Veterans Affairs on medical questions involved in the consideration of an appeal when, in its judgment, such medical expertise is needed for equitable disposition of an appeal." 38 C.F.R. § 20.901(a) (2004).

[2] Section 7104(a) mandates, in pertinent part, that "All questions in a matter which under section 511(a) of this title is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary."

The Secretary relies primarily on section 7109(a)[3] to provide the exception to the board's appellate jurisdiction. Nothing in section 7109(a), however, authorizes the Secretary to augment the board's jurisdiction with authority to consider new medical opinions obtained from within the VA. Section 7109 is tellingly entitled "Independent medical opinions" and provides only that "the Board may secure an advisory medical opinion from one or more <u>independent medical experts</u> who are not employees of the Department." (Emphasis added).

The Secretary, and the court, rely entirely on the nonessential phrase "in addition to that available within the Department" contained in section 7109(a) to justify the regulation. This language is not a grant of authority; it simply distinguishes preexisting VA medical opinions from the congressional authorization for the board to request independent medical opinions. A plain reading of the statute finds only one grant of authority allowing the board to secure and consider medical opinions from "independent medical experts who are not employees of the Department," which does not extend to medical opinions from within the VA.

Similarly, 38 U.S.C. § 5103A[4] does not support 38 C.F.R. § 20.901(a). Within the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, Congress imposed a

---

[3]    38 U.S.C. § 7109(a) provides: "Independent medical opinions -- (a) When, in the judgment of the Board, expert medical opinion, in addition to that available within the Department, is warranted by the medical complexity or controversy involved in an appeal case, the Board may secure an advisory medical opinion from one or more independent medical experts who are not employees of the Department."

[4]    Section 5103A(d) requires, in pertinent part, that "[i]n the case of a claim for disability compensation, the assistance provided by the Secretary under subsection (a) [duty to assist] shall include providing a medical examination or obtaining a medical opinion when such an examination or opinion is necessary to make a decision on the claim."

number of specific duties and responsibilities on the Secretary to assist claimants, as set forth in 38 U.S.C. § 5103A. For instance, it requires the Secretary to provide medical opinions when necessary to properly evaluate a claim for benefits. Neither the statutory language of section 5103A(d), nor the legislative history of the Veterans Claims Assistance Act of 2000, permits the Secretary to delegate authority to obtain medical opinions from within the VA to the board.

The Secretary relies on the historic board practice of requesting medical opinions from within the VA. But until recently, VA regulations "were explicitly insulated from judicial review." H.R. Rep. No. 100-963, 100th Cong., 2d Sess. 10, reprinted in 1988 U.S.C.C.A.N. 5782, 5791. "Many VA regulations have aged nicely simply because Congress took so long to provide for judicial review. The length of such regulations' unscrutinized and unscrutinizable existence, however, does not in itself form a basis for us to presume they are valid and therefore defer to them. If anything, Congress's lengthy deliberation and carefully crafted scheme for judicial review of VA regulations counsels for vigorous review." Gardner v. Brown, 5 F.3d 1456, 1463-64 (Fed. Cir. 1993), aff'd, 513 U.S. 115, 121-22 (1994) (reasoning that "congressional silence lacks persuasive significance, particularly where administrative regulations are inconsistent with the controlling statute," and that "[a] regulation's age is no antidote to clear inconsistency with a statute") (internal citations and quotations omitted). To suggest that congressional authority is not required to sustain a regulation simply because the regulation condones a long standing practice eviscerates the role of Congress.

"[E]ven though the amendments to § [20.901(a)] may further the VA's stated objective of efficiency, striking the sensible balance between decreasing appeal

processing times and the competing public policy of protecting an appellant's right to due process is a matter for Congress, not this court." <u>See</u> <u>DAV I</u>, 327 F.3d at 1348. Section 20.901(a) is invalid because the Secretary has countermanded the appellate role of the board without congressional authority.