NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7033

HARRY L. EMMONS,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Harry L. Emmons, of Brunswick, Georgia, pro se.

Dawn S. Conrad, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Jamie L. Mueller, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Donald L. Ivers

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7033

HARRY L. EMMONS,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 05-2133, Judge Donald L. Ivers.

_____

DECIDED: May 21, 2008

_____

Before NEWMAN and BRYSON, <u>Circuit Judges</u>, and POGUE,∗ <u>Judge</u>.

NEWMAN, <u>Circuit Judge.</u>

Harry L. Emmons, appearing *pro se,* appeals the decision of the Court of Appeals for Veterans Claims ("the Veterans Court") affirming the denial of his claims for service connection for a cataract in his left eye and for adverse effects due to exposure to microwave radiation during military service. <u>Emmons v. Mansfield</u>, No. 05-2133, 2007 WL

---

∗        Honorable Donald C. Pogue, Judge, United States Court of International Trade, sitting by designation.

3001676 (Vet. App. Oct. 11, 2007). Because no issue of this appeal is within this court's statutory jurisdiction, the appeal is <u>dismissed.</u>

DISCUSSION

Mr. Emmons served on active duty in the United States Army from February 1970 to September 1972. He worked as a Tactical Microwave Systems Repairman, and it is not disputed that he was exposed to microwave radiation. Mr. Emmons was first diagnosed with a left eye cataract in September 1996. He filed a claim for service connection, stating that the cataract was a result of his exposure to microwave radiation during military service, and also that his DNA was damaged by the radiation. The Atlanta Regional Office denied service connection for both conditions. On appeal, the Board of Veterans' Appeals remanded to the Regional Office for additional development in light of the notification and duty-to-assist obligations imposed by the Veterans Claims Assistance Act of 2000 ("the VCAA"), codified at 38 U.S.C. §5100 et seq. After various proceedings, the Regional Office and then the Board denied Mr. Emmons' claims, finding that his left eye cataract was "not etiologically related to his exposure to microwave radiation" and that Mr. Emmons had not shown that he had suffered damage to his DNA. The Veterans Court affirmed.

The Federal Circuit has jurisdiction to review decisions of the Veterans Court "with respect to the validity of a decision of the [Veterans Court] on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans Court] in making the decision." 38 U.S.C. §7292(a). However, except to the extent that an appeal presents a constitutional issue, the Federal Circuit "may not review (A) a challenge to a factual determination, or (B) a

challenge to a law or regulation as applied to the facts of a particular case."  38 U.S.C. §7292(d)(2).

On the issue of our jurisdiction, Mr. Emmons states that the decision of the Veterans Court involved the validity or interpretation of a statute or regulation, including the Occupational Safety and Heath Act of 1970 and military regulations concerning safety measures.  He states that the Army failed to provide adequate radiation safeguards in keeping with these laws and that this failure constitutes "dirty hands" that should ease his burden of establishing service connection. However, service connection is a factual question, involving the agency's findings of medical facts concerning the relation between his exposure to microwave radiation and his cataract or other medical conditions.  See Disabled Am. Veterans v. Sec'y of Veterans Affairs, 419 F.3d 1317, 1318 (Fed. Cir. 2005) (there must be a "nexus between the current disability and the in-service events"); see also 38 C.F.R. §3.303(a) (describing principles relating to service connection).  The asserted violation of safety requirements does not provide a jurisdictional basis for appeal to the Federal Circuit of the factual question of whether there is a causal connection between the microwave exposure and the later-appearing illness.

Mr. Emmons also states that the Veterans Court failed to address his charges of the VA's lack of compliance with the provisions of the VCAA.  He states that the VA's refusal to provide him and the Board with copies of his father's VA file showing his father's cataracts and cancers and radiation exposure, as well as the VA's failure to accept scientific evidence in the form of articles relating to microwave radiation exposure, were violations of the VCAA's duty to assist.

The Board had found that there was no reasonable possibility that Mr. Emmons' father's VA file contained information relevant to the son's claims. This court has held that the various duties to notify and to assist must be met, but when notification and assistance are provided we cannot review the factual details thereof. See Mayfield v. Nicholson, 499 F.3d 1317, 1322 (Fed. Cir. 2007) (whether a particular communication met the VA's notification obligations under the VCAA "presents a question of fact that we cannot disturb on appeal under 38 U.S.C. §7292(d)(2)").

Mr. Emmons also raises two constitutional arguments for our appellate jurisdiction under §7292(d). First, he states that the VA violated his First Amendment right to petition for redress of grievances by failing to inform him of the "increased legal rights" afforded him because of the government's failure to protect him against microwave radiation. We are not aware of any increased legal rights applicable in the veterans tribunals that reviewed his complaint. Whether he was adequately protected from exposure does not raise a constitutional issue under the First Amendment.

Mr. Emmons also argues that his VA benefits are within the "public debt of the United States," whose validity is guaranteed by the Fourteenth Amendment. This is not a constitutional ground of jurisdiction to review Mr. Emmons' claims for service connection, whatever the financial source of veterans benefits.

Mr. Emmons raises other factual considerations. However, we discern no constitutional or statutory issue that satisfies the requirements placed by statute on our appellate jurisdiction.

No costs.