NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROGER GORE,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7090

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-3894, Judge Robert N. Davis.

---

Decided: November 3, 2010

---

ROGER GORE, of Fayetteville, North Carolina, pro se.

MICHAEL D. SNYDER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and

DEBORAH A. BYNUM, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and BRIAN D. GRIFFIN, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before BRYSON, SCHALL, and PROST, *Circuit Judges*.

PER CURIAM.

Roger Gore appeals the February 26, 2010, decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court"). That decision affirmed a November 18, 2008, decision of the Board of Veterans' Appeals denying Mr. Gore's claim of service connection for post-traumatic stress disorder ("PTSD"). Mr. Gore's appeal is based mainly on a challenge to a factual determination and as such is outside our scope of review; to the extent Mr. Gore raises a separate legal argument regarding his entitlement to an additional level of review within the Department of Veterans Affairs ("DVA"), we reject his legal argument and therefore affirm the Veterans Court's decision.

## BACKGROUND

Mr. Gore served in the U.S. Army from 1970 to 1990, including service in Vietnam. On May 25, 2005, he filed a claim for benefits for PTSD. To establish service connection for PTSD the veteran must establish a link between his current symptoms and an in-service stressor. If the veteran did not serve in combat, service connection will be granted only if the veteran submits corroborating evidence that the in-service stressor occurred. 38 C.F.R. § 3.304(f). The regional office denied Mr. Gore's claim because his service records did not indicate that he served

in combat and did not reflect the presence of any psychological symptoms during his service, and because Mr. Gore did not submit any corroborating evidence that he served in the area where the stressful event is alleged to have occurred.

Mr. Gore filed a Notice of Disagreement. Along with that Notice, Mr. Gore stated that his unit came under enemy attack and that he witnessed the death and serious injury of fellow service members while stationed at Tan Son Nhut Air Base. He also submitted a statement from a private psychiatrist documenting his PTSD symptoms. The regional office sent Mr. Gore a request for further information to substantiate his claimed in-service stressors, as his military records did not reflect that he experienced an enemy attack. Mr. Gore informed the regional office that he had nothing further to submit. The regional office then issued a Statement of the Case explaining that it had denied his claim because he had failed to establish a link between his current symptoms and his service. The regional office noted that his records did not show that he had engaged in combat and there was "no other credible supporting evidence that your claimed in-service stressors occurred."

Mr. Gore then appealed to the Board of Veterans' Appeals. The Board noted that Mr. Gore's service records indicate that while he was in Vietnam he was based at Phu Lam where he served as an equipment repairman. The Board found no evidence of combat experience or other in-service stressor in Mr. Gore's military records, nor did it find any corroboration for his claimed in-service stressors. Accordingly, the Board determined that the weight of the evidence supported the regional office's conclusion that Mr. Gore is not entitled to service connection for PTSD.

Before the Veterans Court, Mr. Gore argued that the Board's finding that he was based at Phu Lam was erroneous and that, instead, he was based at Tan Son Nhut Air Base, where he witnessed numerous enemy attacks. The Veterans Court stated that Mr. Gore had not pointed to anything in the record that showed he was stationed at Tan Son Nhut Air Base and that the court had found no reference to Tan Son Nhut Air Base in the record. Because he failed to offer corroborating evidence of any in-service stressor, the court affirmed the denial of service connection for Mr. Gore's PTSD.

## DISCUSSION

Mr. Gore presents two issues on appeal. First, he argues that the Board erred in finding that the evidence does not support his contention that he was present at Tan Son Nhut during an enemy attack. Second, he argues that the Board's decision conflicts with 38 U.S.C. §§ 511(a) and 7104(a).

The first issue is a pure question of fact. This court has limited jurisdiction to hear appeals from the Veterans Court. Except to the extent that an appeal presents a constitutional issue, this court may not review challenges to factual determinations or challenges to the application of a law to the facts of a particular case. 38 U.S.C. § 7292(d)(2). Mr. Gore's challenge to the adverse factual findings that led the Board to deny his claim of service connection is thus outside our jurisdiction.

As to the second issue, Mr. Gore's contention appears to be that the Board's decision denied him his statutory right to a review of the Secretary's decision because the Board's analysis of his evidentiary showing was more detailed than that of the regional office. Section 511(a)

gives the Secretary of Veterans Affairs authority to decide all questions of law and fact necessary to determining the veteran's entitlement to benefits. *See Disabled Am. Veterans v. Sec'y of Veterans Affairs,* 419 F.3d 1317, 1320 (Fed. Cir. 2005). Section 7104(a) provides that decisions falling within section 511(a) "shall be subject to one review on appeal to the Secretary." Mr. Gore appears to contend that the Board in effect made new factual findings not made by the regional office and that he was denied his statutory right to "one review on appeal" with respect to those factual findings.

The Board reviewed the record before the regional office and determined, as had the regional office, that the record contained no evidence substantiating Mr. Gore's claim of an in-service stressor. The Board was more explicit than the regional office in describing the evidence that Mr. Gore had submitted in support of his claim, including evidence referring to his assignment in Vietnam. Although Mr. Gore seems to suggest that the Board's more detailed explanation for why the evidence was insufficient to prove service connection denied him his statutory right to "one review on appeal" within the DVA, we reject that argument. The Board reviewed the regional office's decision that Mr. Gore had failed to provide credible supporting evidence that the claimed in-service stressor actually occurred. The fact that the Board described the evidence that Mr. Gore had submitted, and that it discussed why that evidence was not sufficient to corroborate his claim of an in-service stressor, does not deprive the Board's decision of its character as a review of the decision of the regional office. The Board's decision therefore accorded Mr. Gore the right to review within the DVA to which section 7104(a) entitled him. Accordingly, we reject Mr. Gore's challenge to the decision of the Veterans Court on that ground, and

we affirm the court's judgment. However, we note, as did the Veterans Court, that Mr. Gore is not without recourse. If he should present new evidence that he was present during an attack on Tan Son Nhut Air Base, as he contends, the regional office might reopen his claim.

No costs.

**AFFIRMED**