http://www.va.gov/vetapp16/Files5/1639933.txt

Citation Nr: 1639933 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 06-28 147A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida

THE ISSUE

Entitlement to service connection for a low back disorder as secondary to service-connected bilateral knee disabilities.

REPRESENTATION

Appellant represented by: The American Legion

WITNESS AT HEARING ON APPEAL

Veteran

ATTORNEY FOR THE BOARD

B. Berry, Counsel

INTRODUCTION

The Veteran served on active duty from September 1977 to September 1981.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a rating decision dated in October 2005 by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

The Veteran testified during a hearing before the undersigned Veterans Law Judge in November 2008. A transcript of the hearing is of record.

The Board remanded this matter in December 2008 and August 2010 for further development. Thereafter, the RO continued the denial of the claim as reflected in the February 2012 supplemental statement of the case (SSOC) and returned this matter to the Board for further appellate consideration.

In September 2012, the Board requested a medical expert opinion from the Veterans Health Administration (VHA). A response was received in January 2013. The Veteran and his representative were provided with a copy of the medical opinion.

The Board denied the service connection claim for a low back disability in a May 2013 Board decision. The Veteran appealed the May 2013 Board decision to the United States Court of Appeals for Veterans Claims (Court). In September 2014, the Veteran's attorney and a representative of the VA Office of General Counsel, on behalf of the Secretary, filed a Joint Motion for Remand (Joint Motion). The Court granted the motion in a September 2014 order and remanded the matter to the Board for action consistent with the Joint Motion.

The Board remanded the issue in January 2015 and November 2015 for further development. Thereafter, the RO continued the denial of the claim as reflected in the April 2016 supplemental statement of the case (SSOC) and returned the issue to the Board for further appellate consideration.

FINDING OF FACT

The preponderance of the evidence shows that the Veteran's service-connected bilateral knee disabilities did not cause or aggravate his current back disorders.

CONCLUSION OF LAW

A back disorder is not proximately due to or aggravated by a service-connected disability. 38 U.S.C.A. §§ 1110, 1112, 1113 (West 2014); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.310 (2015). 

REASONS AND BASES FOR FINDING AND CONCLUSION

I. Notice and Assistance

The VA has duties to notify and assist a claimant in developing a claim. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2012). Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his or her representative, if any, of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). Proper notice from VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 C.F.R. § 3.159(b). This notice must be provided prior to an initial unfavorable decision on a claim by the agency of original jurisdiction (AOJ). Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004). 

With regard to claims for service connection for a disability, the notice requirements of 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b) apply to all five elements of the claim: (1) Veteran status; (2) existence of a disability; (3) a connection between the Veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability. Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). Thus, upon receipt of an application for a service-connection claim, VA must review the information and the evidence presented with the claim and provide the claimant with notice of what information and evidence not previously provided, if any, will assist in substantiating or is necessary to substantiate the elements of the claim as reasonably contemplated by the application including notice that a disability rating and an effective date for the award of benefits will be assigned if service connection is awarded. Id.

Letters dated in June 2005 and May 2006 satisfied the duty to notify provisions. In this regard, the June 2005 letter advised the Veteran what information and evidence was needed to substantiate his service connection claim for a back disorder as secondary to a service-connected disability. The letter also informed the Veteran of his and VA's respective duties for obtaining evidence. The letter requested that he provide enough information for the RO to request records from any sources of information and evidence identified by the Veteran. The Veteran was notified of how VA determines the disability rating and effective date if his claim is granted in the May 2006 letter.

The June 2005 letter satisfied most of the duty to notify provisions prior to the initial AOJ decision. However, the May 2006 letter satisfied the duty to notify provision with respect to how VA determines disability ratings and effective dates subsequent to the initial AOJ decision. The Board finds that this timing error was not prejudicial to the Veteran because the actions taken by VA after providing the notice have essentially cured the error in the timing of notice. Not only has the Veteran been afforded a meaningful opportunity to participate effectively in the processing of his claim and given ample time to respond, but the AOJ also readjudicated the case by way of the statement of the case issued in August 2006 after the notice was provided. See Prickett v. Nicholson, 20 Vet. App. 370, 376 (2006) (the issuance of a fully compliant VCAA notification followed by readjudication of the claim, such as a statement of the case or supplemental statement of the case, is sufficient to cure a timing defect). The Veteran will not be prejudiced by the Board proceeding to decide his claim, as the timing error did not affect the essential fairness of the adjudication.

Regarding VA's duty to assist, VA has fulfilled its duty to assist the Veteran in making reasonable efforts to identify and obtain relevant records in support of the Veteran's claim. The claims file contains the Veteran's service treatment records, VA treatment and examination records, VA examination reports dated in July 2005, March 2011, July 2015, and February 2016 with medical opinion dated in April 2016, a January 2013 VHA medical expert opinion, workers' compensation decision, lay statements from the Veteran, and a transcript of the November 2008 Board hearing.

The July 2005 VA examination report shows that the examiner conducted a review of the Veteran's claims file in addition to obtaining an oral history from the Veteran and evaluating him. The examiner documented the results of the evaluation and provided a diagnosis. The examiner determined that he could not provide an etiology opinion without resorting to speculation and he provided a brief explanation for such opinion. Thereafter, the Veteran was provided with another VA examination in March 2011. The March 2011 VA examination report reflects that the examiner conducted a review of the Veteran's claims file in addition to obtaining an oral history from the Veteran and evaluating the Veteran. The examiner discussed the relevant evidence of record and documented the results of the evaluation. Following the above, the examiner provided an explanation for his opinion that the Veteran's current back disabilities are not related to or aggravated by his service-connected bilateral knee disabilities. Based on the foregoing, the Board finds the March 2011 VA examination is adequate for adjudication purposes. 

The Board sought a VHA medical expert opinion to obtain more insight into the medical question of whether the Veteran's service-connected bilateral knee disabilities caused or aggravated his back disabilities. The Federal Circuit Court has upheld the Board's power to both obtain such opinions and adjudicate the matter without RO review, provided that the claimant is provided a copy of the examination report and an opportunity to respond. Disabled American Veterans, et.al, vs. Secretary of Veterans Affairs, 419 F.3d 1317 (Fed. Cir. 2005). The VA medical expert reviewed the claims file and provided an opinion on whether the Veteran's back disabilities were caused by or aggravated by his service-connected bilateral knee disabilities with a clear explanation that appears to be based on the evidence of record and medical knowledge. Therefore, the VHA medical expert opinion is adequate for adjudication purposes. 

The July 2015 and February 2016 (with a medical opinion dated in April 2016) VA examination reports show that the examiners conducted a review of the Veteran's claims file in addition to obtaining an oral history from the Veteran and evaluating him. The examiners documented the results of the evaluations. The July 2015 VA examiner provided a medical opinion on whether the Veteran's bilateral knee disabilities caused the Veteran's low back disorder. The Board determined that the medical opinion did not adequately address the issue of aggravation or discuss the functional effect of the Veteran's bilateral knee disorder on his back in a November 2015 Board remand and requested another examination and opinion. A VA examiner in April 2016 provided a clear explanation in support of his medical opinions based on the medical and lay evidence of record and general medical knowledge with respect to whether the Veteran's service-connected bilateral knee disabilities caused or aggravated the Veteran's service-connected low back disorder. In light of the foregoing, the Board finds that the examinations are adequate for adjudication purposes. 

This issue was previously remanded in December 2008 in order to obtain any determination and medical records pertinent to the Veteran's claim for workers' compensation benefits and to provide the Veteran with a VA examination and opinion if additional records were associated with the claims file. The RO contacted the U. S. Department of Labor via phone in January 2009 and was referred to the Florida State Workers' Compensation Division. The RO was informed that the Veteran never had a claim in their office. The RO was then referred to the local insurance carrier as the Veteran's claim was most likely denied by them. The RO contacted the local insurance carrier and was informed that the Veteran never had a claim on file with them for a June 2005 injury. The Board remanded the claim again in August 2010 and requested that the RO directly ask the U. S. Department of Labor to provide records related to a workers' compensation claim accepted on or about February 2006 and to provide an examination and opinion if additional records are associated with the claims file. The claims file contains a printout of the case status of two workers' compensation claims with respect to two separate injuries in July 2005 and May 2007 with respect to the Veteran's back from the Florida Department of Financial Service. Thereafter, the RO contacted the Department of Labor and received a copy of the workers' compensation decision in September 2011. The record contains a March 2011 VA examination report that adequately addressed the questions raised by the Board and it was supported by an explanation. Accordingly, the Board finds that there has been substantial compliance with the December 2008 and August 2010 remand directives. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

The Veteran argued that the VA opinion in 2011 and the VHA medical expert opinion in January 2013 did not adequately address the issue of aggravation so the Board remanded the claim in January 2015 and in November 2015 to obtain a VA examination and medical opinion. VA examination reports dated in July 2015 and February 2016 with an April 2016 medical opinion were associated with the claims file. The examiners reviewed the claims file, evaluated the Veteran, and provided a medical opinion with respect to wither the Veteran's service-connected bilateral knee disabilities caused and/or aggravated the Veteran's current low back disorder. The examiners addressed the issues raised in the remand directives. Accordingly, the Board finds that there has been substantial compliance with the January 2015 and November 2015 remand directives. See Stegall, 11 Vet. App. at 271.
 
The record presents no basis for further development to create any additional evidence to be considered in connection with the matter currently under consideration. Under these circumstances, the Board finds that the Veteran is not prejudiced by appellate consideration of the claim on appeal at this juncture, without directing or accomplishing any additional notification and/or development action. 

II. Criteria and Analysis

The Veteran claims that his service-connected bilateral knee disabilities caused and/or aggravated his current low back disorder. He explained that his service-connected bilateral knee disability has resulted in and/or aggravated his current back disorder due to his inability to use proper body mechanics when engaging in lifting tasks. The Veteran clarified in testimony at the November 2008 Board hearing that he was only seeking service connection for a back disorder on a secondary basis. Hearing Transcript at 4. As the Veteran does not contend, and the evidence does not otherwise indicate, that his back disorder is related to active military service, the theory of entitlement to service connection for a back disorder on a direct basis will not be considered. See Robinson v. Shinseki, 557 F.3d 1355, 1361 (Fed. Cir. 2009) (where a fully developed record is presented to the Board with no evidentiary support for a particular theory of recovery, there is no reason for the Board to address or consider such a theory).

Establishing service connection generally requires medical evidence or, in certain circumstances, lay evidence of the following: (1) A current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) nexus between the claimed in-service disease and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed.Cir.2009); Jandreau v. Nicholson, 492 F.3d 1372 (Fed.Cir.2007); Hickson v. West, 12 Vet. App. 247 (1999); Caluza v. Brown, 7 Vet. App. 498 (1995), aff'd per curiam, 78 F.3d 604 (Fed.Cir.1996) (table). Pursuant to 38 C.F.R. § 3.303(b), a claimant may establish the second and third elements by demonstrating continuity of symptomatology for specific chronic disabilities listed in 38 C.F.R. § 3.309(a). See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

Service connection also may be established on a secondary basis for a disability that is proximately due to, or the result of, a service-connected disease or injury. 38 C.F.R. § 3.310(a). Similarly, any increase in severity of a nonservice-connected disease or injury that is proximately due to or the result of a service-connected disease or injury, and not due to the natural progress of the nonservice-connected disease, will be service connected. 38 C.F.R. § 3.310(b); Allen v. Brown, 7 Vet. App. 439 (1995).

In assessing whether the Veteran is entitled to service connection for a back disorder, the evidence of record must show that the Veteran has a current diagnosis of the claimed disability. VA treatment records and VA examination reports dated in July 2005 and March 2011 provide a diagnosis of degenerative disc disease. A July 2015 VA examination also shows that the Veteran has a current diagnosis of degenerative joint disease of the lumbar spine. Thus, the Board finds that the Veteran has a current diagnosis of a back disorder.
With respect to whether the Veteran's service-connected bilateral knee disabilities caused or aggravated the Veteran's current back disabilities, the Board observes that the record contains conflicting medical opinions. In this regard, the Veteran's VA occupational health physician noted in a July 2005 VA treatment record that she and the Veteran had discussed previously that his back pain was aggravated by his underlying arthritis of his knees which did not allow him to bend his knees in order to lift properly. A Work Capacity Evaluation Form filled out by the same physician in December 2005 reveals that the Veteran has difficulty with lifting tasks because of degenerative joint disease in the knees and the inability to use proper body mechanics. The Board finds that the statements in the July 2005 VA treatment record and the Work Capacity Evaluation Form do not address the issue of whether the Veteran's service-connected bilateral knee disabilities aggravated or chronically worsened the Veteran's underlying low back disorder as contrasted to symptoms of back pain. Cf. Hunt v. Derwinski, 1 Vet. App. 292, 297 (1991) ("[T]emporary or intermittent flare-ups during service of a pre-existing injury or disease are not sufficient to be considered 'aggravation in service' unless the underlying condition, as contrasted to symptoms, is worsened). Furthermore, it appears that the VA physician did not review the Veteran's claims file or address the evidence of work related back injuries. For these reasons, the Board concludes that the opinions in July 2005 and December 2005 are of low probative value. 

In contrast, a March 2011 VA examiner provided the opinion that the Veteran's lower back condition is not related to either his bilateral knee chondromalacia or bilateral degenerative joint disease of the knee and it is not aggravated by both of these knee conditions. He explained that the knee conditions are not etiologies for lumbar disc disease nor does the medical literature support aggravation beyond normal progression relative to his bilateral knee condition. Additionally, the examiner noted that the Veteran had occupational risk factors for lumbar disc disease and he had a work related lower back injury in 2005. A VHA medical expert opinion dated in January 2013 from the Chief of Neurosurgery determined that it is not at least as likely as not that the Veteran has a lumbar spine disorder (to include degenerative spine disease) that is proximately due to or aggravated (chronically worsened) by his service-connected bilateral knee disabilities (chondromalacia, instability and arthritis). He explained that the progression of back and radicular symptoms and the accompanying imaging are all consistent with degenerative spine disease. He noted that he disagrees with the VA occupational medicine physician who relates the Veteran's spine condition to his knee condition and he agrees with the March 2011 VA examiner that determined there is no reasonable relationship between degenerative spine symptoms and knee disease. The medical expert explained that degenerative spine disease is an age associated process that occurs independently of other major joint conditions, including knee joint conditions. He noted that there is no reasonable relationship between the Veteran's bilateral knee conditions and his complaints of low back pain and radicular symptoms. The Board finds that the medical opinions by the VA examiner and the VHA medical expert are persuasive and probative as they provided a thorough explanation based on the evidence of record and medical knowledge. 

The claims file also contains an article by the National Institute of Neurological Disorders and Stroke submitted by the Veteran's representative in April 2013. This article notes that posture inappropriate for the activity being performed may contribute to low back pain. It also asserts that maintaining correct posture and lifting objects properly can help prevent injuries. The information provided in the medical article is too general in nature to provide the necessary evidence to indicate that in this particular case, the Veteran's bilateral knee disabilities caused or aggravated his degenerative disc disease of the spine. See Sacks v. West, 11 Vet. App. 314, 316-17 (1998). The Board notes that the article appears to support the statements of the July 2005 VA physician that improper body mechanics may result in recurring back pain. However, the statements by the VA physician in July 2005 in conjunction with the article submitted in April 2013 do not indicate that the Veteran's underlying degenerative disc disease of the lumbar spine was caused by or aggravated by the Veteran's service-connected bilateral knee disabilities. Furthermore, as will be discussed in more detail below, a VA examiner in April 2016 determined that this article does not report poor body mechanics as a cause of or aggravation of spinal degenerative disease or canal stenosis. Thus, this article is of low probative value with respect to the issue of whether the Veteran's service-connected bilateral knee disabilities caused and/or aggravated the Veteran's current low back disorders. 

The Board obtained another VA examination in July 2015 and February 2016 and medical opinion in April 2016. The VA examiner in July 2015 determined that the Veteran's low back disorder is not caused by or aggravated (chronically worsened) by the Veteran's service-connected bilateral knee disabilities. She explained that his lumbar condition is age related and referenced the January 2013 opinion from the Chief of Neurosurgery at the VA Connecticut Healthcare System. The VA examiner emphasized that the Chief of Neurosurgery documented that degenerative spine disease is an age associated proves that occurs independently of other major joint conditions and that the medical evidence to include x-rays of the lumbar spine support that age is the cause of his degenerative disc disease. She noted that there is no evidence to support that his back issue has any relationship to his service-connected knee condition. She determined that his lumbar condition was aggravated by weight lifting. The examiner also discussed the case with a VA physician that is Board Certified in Physical Medicine and Rehabilitation, Pain Medicine, and Independent Medical Examiner. The VA physician noted that he found discrepancies in the July 2005 VA physician's statements. He determined that the objective evidence in the July 2005 physical examination did not support her case that arthritis of both knees in any way are related to the Veteran's back issues. The April 2016 VA examiner, a staff physician, noted that this opinion was discussed with neurology. He provided the opinion that the Veteran's service-connected knee disabilities did not aggravate his back condition. The examiner explained that while poor body mechanics can contribute to back pain, this cannot be responsible for worsening or aggravating the degenerative joint disease and canal stenosis of spine. Degenerative spine disease is an age associated process that occurs independently of other major joint conditions. The gradually worsening of his condition by existing MRI's between 2005 and 2015 reflect this. The examiner also noted that the Veteran had other issues which could contribute to his back pain, specifically, his practice of weight lifting (100 lbs.) despite medical advice to forgo this and a motor vehicle accident in 2012, which required back treatments by a chiropractor as related by the Veteran. The Veteran was also seen in Occupational Health several times for a work related injury in which he twisted his back while lifting a box in May 2007. The examiner explained that the article submitted by the Veteran is a Low Back Pain Fact Sheet by the National Institute of Neurological Disorders and Strokes, which is a publication written for the lay public that contains many useful, general facts about back pain, etiology, associated conditions, diagnosis, and treatment. It does not report poor body mechanics as a cause of or aggravation of spinal degenerative disease or canal stenosis. The examiner also noted that the Veteran does not have ankylosis of the knee and, per notes of the Occupational Health physician in July 2005, he had full range of motion of both lower extremities. The medical opinions by the VA examiners in July 2015 and April 2016 are persuasive and probative as to the issue of whether the Veteran's bilateral knee disabilities caused or aggravated the Veteran's low back disorder as they provided a thorough explanation based on the evidence of record and medical knowledge. 

The Board recognizes that the Veteran contends that his back disorders were caused by or aggravated by his service-connected bilateral knee disabilities. Lay persons can provide an account of observable symptoms, such as in this case the Veteran's observation that he has low back pain and that he experienced increased back pain after lifting. However, the diagnosis of degenerative joint/disc disease and the etiology and aggravation thereof fall outside the realm of common knowledge of a lay person and require medical expertise. See Kahana v. Shinseki, 24 Vet. App. 428 (2011). The Veteran is not a licensed health care professional; therefore, the lay evidence offered by him is not competent medical evidence and it is of low probative value with respect to whether his service-connected bilateral knee disabilities caused or permanently aggravated his current back disorders.

In conclusion, the record does not contain any probative medical evidence or opinion that would indicate the Veteran's current back disorders are caused or aggravated by his service-connected bilateral knee disabilities. As discussed above, the persuasive and probative medical evidence of record asserts that the Veteran's back disorders are not caused by or aggravated by his service-connected bilateral knee disabilities. Thus, the Board finds that the preponderance of the evidence is against the Veteran's service connection claim for a back disorder. Accordingly, the Board concludes that service connection for a back disorder is not warranted.

ORDER

Entitlement to service connection for a back disorder as secondary to service-connected bilateral knee disabilities is denied.

____________________________________________
MILO H. HAWLEY
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs