# United States Court of Appeals for the Federal Circuit

---

**JOHN F. CAVACIUTI,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1531

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-8063, Judge Coral Wong Pietsch.

---

Decided: August 3, 2023

---

JOSEPH RAYMOND KOLKER, Orrick, Herrington & Sutcliffe LLP, New York, NY, argued for claimant-appellant. Also represented by MELANIE L. BOSTWICK, KATHERINE M. KOPP, Washington, DC; JOHN D. NILES, Carpenter Chartered, Topeka, KS.

IGOR HELMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, JOSHUA E. KURLAND, PATRICIA M. MCCARTHY; CHRISTOPHER O. ADELOYE, Y. KEN

LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before LOURIE, DYK, and TARANTO, *Circuit Judges.*

LOURIE, *Circuit Judge.*

John F. Cavaciuti appeals from a decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") denying his application for attorney fees and expenses under the Equal Access to Justice Act ("EAJA"). *Cavaciuti v. McDonough*, No. 20-8063(E), J.A. 1–5 (Vet. App. Dec. 30, 2021) ("*Decision*"). For the reasons detailed below, we affirm.

## BACKGROUND

Cavaciuti served in the United States Army from 1965 to 1967. In February 2020, the Board of Veterans' Appeals ("the Board") granted him entitlement to a total disability rating due to individual unemployability ("TDIU"). In doing so, it directed the Veterans Affairs ("VA") regional office ("RO") to assign him an effective date for the grant of TDIU.

In April 2020, notwithstanding the Board's directive, the RO denied Cavaciuti's TDIU claim after determining that he was capable of gainful employment. Cavaciuti then filed a petition with the Veterans Court for a writ of mandamus, seeking an order compelling the VA to implement the Board's order and grant him TDIU. The VA then filed a motion for a stay so that the parties could discuss a mutually agreeable disposition of the case, and the motion was granted.

Following expiration of the stay, the VA informed the Veterans Court that the RO had granted Cavaciuti entitlement to TDIU with an effective date of May 22, 2008. Given that the VA provided Cavaciuti with the relief that he sought, the VA requested that the court dismiss his

petition as moot. Cavaciuti argued that the case was not rendered moot by the RO's subsequent actions because the RO had failed to void or otherwise invalidate its erroneous April 2020 rating decision. He further argued that the VA misused confidential settlement information in order to render the case moot. The court then dismissed Cavaciuti's petition as moot because the VA had provided him with the relief that he sought. In March 2021, Cavaciuti filed an EAJA application seeking attorney fees and expenses.

The Veterans Court denied the application. Implying that Cavaciuti's position was in part based on the "catalyst theory"—positing that a plaintiff is a prevailing party if it achieves the desired result because its lawsuit brought about a voluntary change in the defendant's conduct, it held that that is an improper basis for establishing a litigant as a prevailing party. *See Decision* at 3–5 (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598 (2001) (stating that the catalyst theory would improperly allow an award where there is no judicially sanctioned change in the legal relationship of the parties)). Applying this precedent, the Veterans Court held that Cavaciuti did not satisfy that criterion for prevailing party status, a prerequisite to awarding EAJA fees. *See Decision* at 4–5. Specifically, the court found that its previous dismissal order did not award benefits, remand any claims, change the parties' legal relationship, or otherwise address the merits of Cavaciuti's writ petition. *Id.* It stated that neither its prior order seeking a response, nor the ultimate dismissal of his petition was a favorable determination on the merits.

The Veterans Court also rejected Cavaciuti's assertion that *Buckhannon* created an exception to the catalyst theory when a defendant orchestrates a case's dismissal as moot in an effort to evade judicial review. *Id.* Instead, the court found that *Buckhannon* rejected an analysis of the defendant's subjective motivations for changing its conduct and that petitioners' theory that defendants orchestrated

dismissal to evade review was speculative and not based on empirical evidence. *Id.*

With respect to Cavaciuti's allegations that the VA improperly used confidential settlement information, the Veterans Court held that the VA simply implemented the Board's decision as requested by Cavaciuti in his petition. The court added that the record did not suggest that the government acted inappropriately.

Cavaciuti then filed the present notice of appeal to this court. We have jurisdiction under 38 U.S.C. § 7292.

### DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. We may review the validity of a decision with respect to a rule of law or interpretation of a statute or regulation that was relied upon by the Veterans Court in making its decision. 38 U.S.C. § 7292(a). However, except with respect to constitutional issues, we may not review challenges to factual determinations or challenges to the application of a law or regulation to the facts of a case. *Id.* § 7292(d)(2).

In reviewing a Veterans Court decision, we decide "all relevant questions of law, including interpreting constitutional and statutory provisions," and set aside any interpretation thereof "other than a determination as to a factual matter" relied upon by the Veterans Court that we find to be "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." *Id.* § 7292(d)(1). We review questions of statutory and regulatory interpretation *de novo*. *Mayfield v. Nicholson*, 499 F.3d 1317, 1321 (Fed. Cir. 2007) (citing *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991)).

Although we may review the Veterans Court's interpretation of the EAJA *de novo*, we cannot review the court's application of the EAJA to the facts of a case. *Thompson v. Shinseki*, 682 F.3d 1377, 1380 (Fed. Cir. 2012). The EAJA applicant "carries the burden of proving he is a prevailing party." *Robinson v. O'Rourke*, 891 F.3d 976, 980 (Fed. Cir. 2018).

Cavaciuti argues that the Veterans Court erred in not considering whether or not the terms of his relief were incorporated into the court's previous dismissal order. He adds that the court also erred in not considering whether or not the VA made an admission of liability, or if its change in conduct was voluntary. Cavaciuti further argues that the court's dismissal order materially changed the parties' legal relationship by requiring the government to provide Cavaciuti relief. That material change, and the fact that the VA's change in conduct was not voluntary, he asserts, distinguishes this case from one falling within the rejected catalyst theory.

The government responds that the Veterans Court's dismissal order did not amount to a court-ordered change in the parties' legal relationship that conferred prevailing party status. Instead, the government contends, this appeal relies on the catalyst theory, which "aptly describes Mr. Cavaciuti's claim in this case," but that does not convey prevailing party status. *See* Appellee's Br. at 12. The government adds that we have previously held that a party is not eligible for an award of attorney fees when a case is dismissed as moot. *Vaughn v. Principi*, 336 F.3d 1351, 1357 (Fed. Cir. 2003).

Cavaciuti also contends that the Veterans Court erred in holding that the government did not improperly use settlement information. He argues that it did use settlement information and that permitting agencies to use settlement communications to render actions moot discourages settlement and is contrary to the aims of the EAJA.

The government asserts that public officials are presumed to act in good faith and that Cavaciuti has provided no proof in support of his improper use allegation. We agree with the government in all respects.

Entitlement to fees under the EAJA requires, inter alia, that a party be a prevailing party. The Veterans Court properly denied Cavaciuti's application for attorney fees and expenses under the EAJA because he was not a prevailing party. Prevailing party status requires the "ultimate receipt of a benefit that was sought in bringing the litigation, *i.e.*, the award of a benefit, or, at minimum, a court remand predicated upon administrative error." *Sumner v. Principi*, 15 Vet. App. 256, 264 (2001), *aff'd sub nom. Vaughn*, 336 F.3d at 1353. Crucially for the present case, an award of a benefit by the agency alone, even if prompted by the litigation, is insufficient without a judicial imprimatur. The Supreme Court has held that the catalyst theory is an improper basis for establishing an appellant as a prevailing party under the EAJA in the absence of a judicially sanctioned change in the legal relationship of the parties. *See Buckhannon*, 532 U.S. at 601; *see also Vaughn*, 336 F.3d at 1357.

Here, there was no such judicial change in the legal relationship between the parties. The Veterans Court did not award any benefits or remand any claims because of Cavaciuti's writ of mandamus petition. Rather, the court dismissed the petition as moot because the VA voluntarily changed its position and granted Cavaciuti entitlement to TDIU. The court's dismissal order did not evaluate the merits of Cavaciuti's petition, nor did it materially alter the parties' legal relationship. *See Buckhannon*, 532 U.S. at 605 ("A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change. Our precedents thus counsel against holding that the term 'prevailing party' authorizes an award of

attorney's fees *without* corresponding alteration in the legal relationship of the parties.").

Regarding Cavaciuti's argument concerning the lack of voluntariness of the government's change in conduct, this is just another way of stating the catalyst theory rejected by the Supreme Court. The Court held in *Buckhannon* that an analysis of a defendant's subjective motivations for changing its conduct—in particular, the desire to avoid a litigation loss—was legally insufficient to create prevailing-party status. The Court instead required a judicial action changing the legal relations of the parties. In this case, the VA implemented the Board's TDIU decision, as requested by Cavaciuti following settlement discussions rather than based on any court order. Moreover, the fact that the government's representations about the nature of the relief it was providing would estop it in the future from changing course does not render the Veterans Court's dismissal a judicial imprimatur sufficient to make Cavaciuti the prevailing party. The government's conduct merely created a future opportunity for a judicial order if the government did not live up to its representations. The Veterans Court ultimately committed no legal error in invoking the *Buckhannon* legal rule for the determination of prevailing-party status here.

Lastly, regarding the claim of improper use of settlement information, Cavaciuti seems to be suggesting that the *Buckhannon* rule is, as a matter of law, inapplicable if the defendant's voluntary action resulted from settlement discussions. But the rationale of *Buckhannon* is keyed to the need for judicial action changing the parties' legal relations; the Supreme Court rejected a catalyst theory as insufficient without regard to the mechanism by which the litigation catalyzed the defendant's action—whether by settlement discussions or otherwise. And here, in any event, there is nothing in the record suggesting that the VA acted inappropriately. Cavaciuti does not specify confidential settlement information that was allegedly misused.

8                                          CAVACIUTI v. MCDONOUGH

We therefore hold that the Veterans Court properly rejected Cavaciuti's claim that the government improperly used settlement information.

CONCLUSION

We have considered Cavaciuti's remaining arguments, but we find them unpersuasive. For the foregoing reasons, we affirm the Veterans Court's decision denying Cavaciuti's application for attorney fees and expenses under the EAJA.

**AFFIRMED**