NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**GROVER MARTIN,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2023-1876

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-1669, Judge William S. Greenberg.

_____

Decided:  October 4, 2023

_____

GROVER MARTIN, Biloxi, MS, pro se.

MATTHEW PAUL ROCHE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY; JONATHAN KRISCH, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, PROST, and CHEN, *Circuit Judges.*

PER CURIAM.

Grover Martin appeals a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") affirming the denial by the Board of Veterans' Appeals ("Board") of service connection for an acquired psychiatric disorder. Because Mr. Martin's appeal raises only issues outside this court's jurisdiction, we dismiss.

## BACKGROUND

Mr. Martin served on active duty in the U.S. Army from January 1988 to April 1990. In June 1989, Mr. Martin's commanding officer referred him for a mental health evaluation. Based on that evaluation, Mr. Martin was diagnosed with Axis I alcohol dependence with occupation problems, a personality disorder not otherwise specified ("NOS"), and a mixed personality disorder with narcissistic and immature features. The evaluating psychologist explained that "[t]he alcohol problem can be treated in the Army, however the Personality Disorder is a long standing pattern of behavior and not amenable to short term therapy." SApp'x 35.[1] The psychologist advised that the personality disorder diagnosis "supports an administrative separation." SApp'x 35.

In March 1990, a separation examination found Mr. Martin to be "psychiatrically normal." SApp'x 4. In April 1990, Mr. Martin separated from service with an honorable discharge based on alcohol rehabilitation failure.

Mr. Martin first applied for disability benefits for a psychiatric condition in August 1997. After denial of service

---

[1] "SApp'x" refers to the supplemental appendix filed with the government's informal response brief.

connection in November 1997 and January 1998, Mr. Martin requested that his application for disability benefits be reopened in June 2007. The VA regional office denied his June 2007 claim. However, in 2011, the Board reopened Mr. Martin's claim and remanded his case to the VA regional office to obtain VA treatment records and schedule a new examination.

In 2013, Mr. Martin underwent a VA mental health evaluation. The examiner concluded that it is "less likely as not that [Mr. Martin's] current psychotic disorder ha[d] its onset in service," or that the disorder "was aggravated by service or is otherwise related to service." SApp'x 45. Based on that 2013 medical opinion, in 2016 the Board denied Mr. Martin's claim. In 2020, the Veterans Court set aside the Board's decision for failure "to provide an adequate statement of reasons or bases for relying on the August 2013 VA examination." SApp'x 6. On remand, Mr. Martin underwent a new medical examination in July 2021 and was afforded a VA addendum medical opinion in September 2021 "in which the examiner opined that during service or currently the appellant did not have any [acquired psychiatric disorder ("APD")] that had its onset in service or was otherwise related to service." SApp'x 6. In March 2022, the Board again denied the claim. SApp'x 15.

On April 28, 2023, the Veterans Court affirmed, determining that Mr. Martin had not shown that "the Board erred in denying service connection for an APD." SApp'x 6. The Veterans Court considered Mr. Martin's argument that the Board made its decision based on medical records with incorrect identification numbers but concluded that "[d]espite the appellant's observation that there are minor discrepancies with his rank and identification number in a few records, the appellant has failed to identify a Board error because there is no suggestion that the records relied on by the Board were not the appellant's." SApp'x 7. Mr. Martin appeals.

DISCUSSION

This court has limited jurisdiction to review Veterans Court decisions. 38 U.S.C. § 7292. We may review questions of law, such as the interpretation of a statute or regulation relied upon by the Veterans Court in issuing its decision. *Id.* § 7292(a). "However, except with respect to constitutional issues, we may not review challenges to factual determinations or challenges to the application of a law or regulation to the facts of a case." *Cavaciuti v. McDonough*, 75 F.4th 1363, 1366 (Fed. Cir. 2023) (citing 38 U.S.C. § 7292(d)(2)).

Mr. Martin argues that the medical records related to his discharge from service are fraudulent and that the Veterans Court "failed to acknowledge the fraudulent medical records." Appellant's Informal Br. 4. Specifically, he argues that the identification numbers listed on some of the medical records related to his discharge do not match his social security number. He asserts that "[n]one of the personality disorders in the [service medical record] has the appellant['s] identification number." *Id.* at 5. For this reason, he argues that his "personality disorder is clearly fraud," *id.*, that he was "unlawfully and unjust[ly] separated from the US Army," *id.* at 6, and that "[f]raud can't be the reason and bas[is] for separation or denying service connected disability benefits," *id.* In support of these points, Mr. Martin raises 38 U.S.C. § 6103(a), Executive Order 9397, and Pub. L. No. 93-579, sec. 7(B), 88 Stat. 1896 (1974). *Id.* at 3–5.

We lack jurisdiction over the allegations raised in Mr. Martin's appeal. Mr. Martin disputes whether certain of his medical records, which the Board relied on in issuing its decision, contain the correct social security number. This presents a factual question about the accuracy of the records and the Board's reliance on that evidence. We are unable to consider these factual questions on appeal. *King v. Shinseki*, 700 F.3d 1339, 1346 (Fed. Cir. 2012)

(explaining that "[a]bsent a constitutional issue, this court is precluded from reviewing challenges to factual determinations or challenges to an application of law to fact" and "[b]ecause [claimant] only challenges the evaluation and weighing of evidence, this court lacks jurisdiction over this appeal."). Therefore, we are unable to consider Mr. Martin's arguments regarding incorrect identification numbers.

Additionally, although we acknowledge the statutes and other authorities Mr. Martin cites, they do not create a legal issue that we may review. We may review a decision of the Veterans Court when that decision is based on an interpretation of a statute, regulation, or rule of law. 38 U.S.C. § 7292. Here, however, when the Veterans Court's decision considered whether the Board erred in denying Mr. Martin's service-connection claim, it did not consider or interpret 38 U.S.C. § 6103(a), Executive Order 9397, or Public Law No. 93-579, as cited by Mr. Martin, and therefore the Veterans Court's decision was not based on those provisions. Mr. Martin has not explained why the Veterans Court should have applied these provisions or how consideration of these provisions would have changed the Veterans Court's decision. We conclude that the cited provisions do not raise a reviewable legal issue in this case.

## CONCLUSION

We have considered Mr. Martin's arguments and determine we lack jurisdiction over his appeal. For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

## **DISMISSED**

### COSTS

No costs.