NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT E. RANDOLPH,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2023-1386

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-5809, Judge Coral Wong Pietsch, Judge Michael P. Allen, Judge William S. Greenberg.

---

Decided: April 18, 2024

---

ROBERT E. RANDOLPH, Baton Rouge, LA, pro se.

KELLY GEDDES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, DEREK SCADDEN, Office of

General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before LOURIE, REYNA, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Claimant-Appellant Robert E. Randolph appeals pro se from a June 16, 2022 United States Court of Appeals for Veterans Claims ("Veterans Court") decision, *Randolph v. McDonough*, No. 20-5809, 2022 WL 2167995 (Vet. App. June 16, 2022) ("*Decision*"), affirming a July 1, 2020 Board of Veterans' Appeals ("Board") order that dismissed Mr. Randolph's clear and unmistakable error ("CUE") claim relating to his June 1987 rating decision, S. App'x 11–14.[1] Specifically, Mr. Randolph's CUE claim was dismissed as moot because the Veterans Court found the June 1987 rating decision was not final as to the denial of sinusitis. S. App'x 14. For the reasons discussed below, we *dismiss* Mr. Randolph's appeal for lack of jurisdiction.

## I. BACKGROUND

Mr. Randolph served honorably in the U.S. Marine Corps from 1981 to 1984. *Decision* at *2. In January 1985, Mr. Randolph filed a claim for disability benefits. *Id.*; S. App'x 40–43. In June 1985, he received a rating decision granting benefits for service-connected hypertension and reactive airway disease ("RAD") with obstructive ventilatory impairment. S. App'x 44.

In March 1987, Mr. Randolph filed a request for "reevaluation of [his] sinus condition." S. App'x 45. In June 1987, the Department of Veterans Affairs ("VA") issued a rating decision denying service connection for the claimed

————————————

[1] "S. App'x" refers to the corrected supplemental appendix, ECF No. 24, filed by the Respondent-Appellee.

sinus condition. *Decision* at *2; S. App'x 47–48. This decision was then treated as final. *Decision* at *2; *see also* S. App'x 59.

Mr. Randolph, now referring to his sinus condition as sinusitis, requested an increase in his RAD rating and requested an amendment to his claim to include service connection for chronic sinusitis, deviated septum, and sleep apnea in January 2008. S. App'x 57; *see also* S. App'x 58–60. In February 2009, the VA issued a new rating decision that continued Mr. Randolph's RAD and hypertension ratings without increasing them and denied Mr. Randolph's request for service connection for a sinus condition, deviated septum, and sleep apnea. S. App'x 58–60. In the 2009 rating decision, the VA asserted that Mr. Randolph had been "previously denied service connection for [a sinus] condition;" Mr. Randolph had not timely appealed that decision; and that June 1987 rating decision was final. S. App'x 59. In response, Mr. Randolph filed a Notice of Disagreement, alleging that he "d[id] not recall filing the claim" for sinusitis and had no "recollection of ever having received a copy of any decision in that regard" (i.e., the June 1987 rating decision). S. App'x 61–62.

In June 2012, the VA regional office ("RO") issued a Statement of the Case, reiterating that the June 1987 rating decision was final and stating that the decision "d[id] not contain clear and unmistakable error." S. App'x 64–66; *Decision* at *2. Mr. Randolph subsequently appealed to the Board, arguing that he had included in his March 1987 filing informal claims of sinusitis and rhinitis, and that the VA had erred in denying those claims because the June 1987 decision had resulted from CUE. S. App'x 68; *see generally* S. App'x 67–76. In December 2014, the Board upheld the RO's findings of finality and no CUE. *Decision* at *2; S. App'x 79–80, 84, 91. Mr. Randolph then appealed to the Veterans Court, once again arguing that the June 1987 decision was nonfinal because he had never received it. *Decision* at *2; S. App'x 112.

In August 2016, the Veterans Court vacated the Board's December 2014 decision and remanded for further proceedings because the Board had "failed to provide an adequate statement of reasons or bases for its determination that the June 22, 1987[] rating decision was final and that the appellant ha[d] not rebutted the presumption of regularity that VA notified him of that rating decision." *Randolph v. McDonald*, No. 15-1380, 2016 WL 4247148, at *2 (Vet. App. Aug. 11, 2016); S. App'x 110–14.

In December 2017, the Board again found the June 1987 rating decision was final and denied Mr. Randolph's motion for revision of that rating decision based on CUE. *Decision* at *3. Mr. Randolph again appealed to the Veterans Court. *Id.*

In February 2019, the Veterans Court reversed the Board's December 2017 decision that the June 1987 rating decision was final, otherwise vacated the Board's December 2017 decision, and remanded the matter to the Board for re-adjudication. *Randolph v. Wilkie*, No. 17-4864, 2019 WL 848748, at *3–4 (Vet. App. Feb. 22, 2019); S. App'x 119.

On remand, in July 2020, the Board concluded it "ha[d] no jurisdiction to adjudicate the merits of the motion for revision of the June 1987 rating decision based on clear and unmistakable error" because the June 1987 rating decision was now nonfinal as to the denial of service connection for sinusitis and thus Mr. Randolph's CUE motion was not ripe for appeal. S. App'x 11, 13; *Decision* at *3. The Board referred the matter "to the agency of original jurisdiction (AOJ) for consideration and any action deemed appropriate." S. App'x 13. It also noted that his remaining arguments were not properly before the Board, because Mr. Randolph did not perfect the corresponding appeals. S. App'x 12, 14. Mr. Randolph appealed the Board's July 2020 decision to the Veterans Court. *Decision* at *3.

In June 2022, the Veterans Court affirmed the Board's July 2020 decision. *Decision* at *3. It noted that because

"the June 1987 rating decision was not final and . . . CUE motions can attack only final decisions," Mr. Randolph's "motion for revision based on CUE was moot," and "[t]he matter has been properly returned to the RO because the [Veterans] Court found that the RO never properly notified the appellant of the June 1987 rating decision." *Id.* This appeal followed.

## II. DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. *Cavaciuti v. McDonough*, 75 F.4th 1363, 1366 (Fed. Cir. 2023). We may review "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). As we explain below, we are without jurisdiction to address the issues raised by Mr. Randolph's appeal.

Mr. Randolph argues that "[t]he Veterans Court erred in its *application of a rule of law* and *the interpretation of a statute* when it determined that the Board did not err when it dismissed [his] appeal, rather than remanding or referring the matter back to the regional office for further adjudication." Attachment to Appellant's Br. 1 (emphases added); *see also* Appellant's Br. 2 ("[T]he Board and the Veterans Court did not properly apply the rule of law set forth by this Court in *AG v. Peak* . . . .").

Appeals generally challenging the Veterans Court's application of a rule of law to the facts of a specific case fall outside this court's jurisdiction. *See* 38 U.S.C. § 7292(d)(2); *Leonard v. Gober*, 223 F.3d 1374, 1376 (Fed. Cir. 2000) ("Section 7292(d)(2) expressly bars us from reviewing challenges to the application of law to the facts of a particular case."). Mr. Randolph's arguments concerning the purported failure of the Veterans Court to correctly apply a

rule of law to his case therefore fail to establish our jurisdiction over this appeal.

In his opening brief, Mr. Randolph acknowledges that the Veterans Court's decision did not involve the validity or interpretation of a statute or regulation and that the Veterans Court did not decide any constitutional issues. Appellant's Br. 1–2. In an effort to salvage jurisdiction, Mr. Randolph argues in his reply brief that the Veterans Court improperly interpreted 38 C.F.R. § 3.103.[2] Appellant's Reply Br. 5. However, Mr. Randolph fails to explain how any interpretation of 38 C.F.R. § 3.103, which broadly addresses procedural due process and other rights of veterans before the VA, has affected his case or even what portion of that lengthy regulation he believes is at issue. *See* Appellant's Reply Br. 5. Mr. Randolph's "mere recitation of a basis for jurisdiction" is therefore insufficient to establish our jurisdiction over this appeal. *Livingston v. Derwinski*, 959 F.2d 224, 225 (Fed. Cir. 1992); *see also Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (explaining that jurisdiction that is otherwise lacking is not conferred by "simply put[ting] a 'due process' label on [a] contention" that is "constitutional in name only").

To support his assertion that we have jurisdiction over this appeal, Mr. Randolph cites *Bean v. McDonough*, 66 F.4th 979 (Fed. Cir. 2023). Appellant's Reply Br. 10. However, that case is inapposite. In *Bean*, this court had to determine whether "the Veterans Court correctly

---

[2]    Mr. Randolph also clarifies that his legal interpretation argument, first raised in his reply brief on appeal, is solely focused on this regulation rather than another statute. *See* Appellant's Reply Br. 5 ("The only issue in this appeal is my entitlement to the due process protections set forth in 38 C[.]F[.]R[.] [§] 3.103, and the Board's interpretation of *that statute* following the Veterans Court's remand . . . .") (emphasis added).

interpreted the legal requirements of . . . the Board's jurisdictional statute[] and . . . its own jurisdictional statute." 66 F.4th at 987. The issue of the Veterans Court's interpretation of a statute therefore fell squarely within our jurisdiction. *See id.*; 38 U.S.C. § 7292(d)(1). Here, Mr. Randolph fails to explain how the Veterans Court's decision in any way interpreted the legal requirements of any rule of law or statute, much less either its or the Board's jurisdictional statute, nor does he urge an interpretation that would have led the Veterans Court to an alternative disposition.

Mr. Randolph further argues that the Board erred in holding that only one of his four claims was before it on appeal and that it should have found that all four of his claims were before the Board. Appellant's Reply Br. 2. To the extent Mr. Randolph challenges the Board's understanding of the precise scope of the 1987 claim referred to the RO for issuance of additional decisions, *id.* at 2, 4–5, we lack jurisdiction over such factual disputes and arguments concerning the application of law to facts. 38 U.S.C. § 7292(d)(2); *see also Comer v. Peake*, 552 F.3d 1362, 1372 (Fed. Cir. 2009) ("Whether a veteran has raised a particular claim is a factual determination, outside the purview of our appellate authority."); *Bonner v. Nicholson*, 497 F.3d 1323, 1328 (Fed. Cir. 2007) ("[T]he interpretation of the 1975 claim is essentially a factual inquiry, and it is beyond our jurisdiction to make that determination.") (internal quotation marks and citation omitted). And any error the Board made in determining the scope of the 1987 claim would have no bearing on its decision to dismiss for lack of jurisdiction because there would still be no final decision to support a CUE motion. *See* 38 C.F.R. § 3.105(a) ("At any time *after a decision is final*, the claimant may request, or VA may initiate, review of the decision to determine if there was a clear and unmistakable error in the decision.") (emphasis added). The appropriate avenue to challenge either the Board's or the Veterans Court's interpretation of

the scope of the 1987 claim is to appeal any newly issued RO decisions.  As for this appeal, "look[ing] to the true nature of the action," *Livingston*, 959 F.2d at 225, we find no issue involving the validity or interpretation of any statute, regulation, or rule of law over which we can assert jurisdiction.  *See* 38 U.S.C. § 7292(a).  Mr. Randolph's claims thus lie beyond this court's jurisdiction.  *See id.* § 7292(d)(2).

## III. CONCLUSION

We have considered Mr. Randolph's other arguments and find that none of the arguments raises a nonfrivolous issue over which we can assert jurisdiction.  For these reasons, we *dismiss* Mr. Randolph's appeal.

## DISMISSED

### COSTS

No costs.