# United States Court of Appeals for the Federal Circuit

---

**NORAH R. LEWIS, SR.,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1298

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-2201, Judge Joseph L. Toth.

---

Decided: August 1, 2024

---

SEAN A. RAVIN, Miami, FL, argued for claimant-appellant.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY; EVAN SCOTT GRANT, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, SCHALL, and TARANTO, *Circuit Judges*.

SCHALL, *Circuit Judge*.

Norah R. Lewis, Sr. appeals the December 12, 2022 decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") in *Lewis v. McDonough*, No. 21-2201, 2022 WL 17576398 (Vet. App. Dec. 12, 2022). In that decision, the Veterans Court affirmed the March 22, 2021 decision of the Board of Veterans' Appeals ("Board") that sustained the decision of the Department of Veterans Affairs ("VA") Regional Office ("RO") reducing Mr. Lewis's disability rating for post-traumatic stress disorder ("PTSD") from 70 percent to 30 percent. For the reasons stated below, we affirm.

BACKGROUND

I

Mr. Lewis is a U.S. Army veteran who receives service-connected disability compensation for combat-related PTSD, due to his experiences in the Korean War. In 2009, the VA increased his disability rating for PTSD from 30 percent to 70 percent. *Lewis*, 2022 WL 17576398, at *1. Subsequently, however, following a recommendation made in July 2015, in a rating decision dated July 21, 2016, the RO reduced his rating back to 30 percent. J.A. 162. In its decision, the RO informed Mr. Lewis that, based upon evidence from a rating decision dated July 9, 2015, a VA examination dated September 12, 2015, and VA outpatient treatment records dated October 2, 2015, it had determined that the severity of his disability most closely approximated the criteria for a 30 percent disability evaluation. J.A. 163. Mr. Lewis timely appealed the RO decision to the Board.

The Board issued a decision on Mr. Lewis's appeal in April of 2018, sustaining the RO's decision. The Board's decision was vacated by the Veterans Court, however, and the case remanded to the Board, after Mr. Lewis and the VA Secretary ("Secretary") agreed that the Board needed to issue a new decision because it had failed to address material evidence favorable to Mr. Lewis. *Lewis*, 2022 WL

17576398, at *1.  In November of 2019, the Board issued a second decision.  After Mr. Lewis again appealed to the Veterans Court, though, the court again granted the parties' joint motion to vacate and remand, this time because the Board had failed to comply with the prior remand order.  *Id.*

## II

On remand to the Board for the second time, Mr. Lewis raised an argument that he had not previously presented. He contended that the July 2016 rating decision implementing the reduction in his disability compensation from 70 percent to 30 percent was *void ab initio.  Id.*  According to Mr. Lewis, this was so because, when the RO found improvement in his condition and reduced his compensation, it had failed to make a finding required by 38 C.F.R. § 3.344(a).  Section 3.344(a) provides that, for ratings that have remained unchanged for five years or more, "though material improvement in the physical or mental condition is clearly reflected[,] the rating agency will consider whether the evidence makes it reasonably certain that the improvement will be maintained under the ordinary conditions of life."  38 C.F.R. § 3.344(a); *see also id.* § 3.344(c) (indicating that § 3.344(a) applies to "ratings which have continued for long periods at the same level (5 years or more)" and not "disabilities which have not become stabilized and are likely to improve"); *Hanser v. McDonough*, 56 F.4th 967, 971 (Fed. Cir. 2022) (interpreting the parenthetical phrase "(5 years or more)" in § 3.344(c) to be definitional).  Mr. Lewis concluded his argument to the Board on the July 2016 rating reduction with the following statement:

> [T]he question before the Board is *not* whether Mr. Lewis'[s] PTSD has improved or whether any purported improvement would be sustained under the ordinary conditions of life.  Rather, the question before the Board is whether the [RO], in its July 2016 decision reducing benefits made a finding that any purported improvement would be sustained under

> the ordinary conditions of life. Here, it is clear that the [RO] made no such finding, and nothing in its decision could be reasonably read as such a finding. Because of this, regardless of the relative merit one may ascribe to a finding of improvement in Mr. Lewis'[s] condition, because the [RO] did not make the required finding, its decision is *void ab initio* and must be reversed. Once benefits are restored, the VA remains free to initiate new proceedings aimed at reducing Mr. Lewis'[s] benefits, but it must do so within the confines of the strict procedural safeguards that have been established in law.

J.A. 47.

In its March 2021 decision, the Board began by stating that the record showed that Mr. Lewis's PTSD "materially improved under the ordinary conditions of life so as to warrant a reduction from 70 percent to 30 percent for [his] service-connected disability." J.A. 21. Next, the Board examined and summarized the October 2009 private examination that led to Mr. Lewis's 70 precent rating and the seven medical examinations of Mr. Lewis that were conducted by the VA thereafter in April 2011, September 2011, December 2014, May 2015, September 2015, November 2015, and April 2016. J.A. 22–26. Stating that the issue before it was whether the RO was proper in reducing Mr. Lewis's evaluation at the time the RO proposed to reduce the evaluation in July 2015 and at the time the RO reduced the evaluation in July 2016, the Board found that the record of multiple VA examinations and VA treatment records from 2011 to 2016 showed improvement in Mr. Lewis's condition. The Board concluded:

> Thus, by the time of the April 2016 VA examination, the improved symptoms had been shown for five years, which the Board finds is indicative of sustained improvement under the ordinary conditions of life, as the improved symptoms were maintained during this five-year period of time, which

> the Board finds would be indicative of a disability being maintained under the ordinary conditions of life.

J.A. 32–33.

Accordingly, the Board found that the disability rating reduction to 30 percent, which was effectuated by the rating decision of July 2016, was in accordance with the requirements of 38 C.F.R. § 3.344(a). It therefore refused to restore the 70 percent evaluation. J.A. 33.

### III

On appeal to the Veterans Court, Mr. Lewis repeated the argument that he had made to the Board—that the July 2016 rating decision was procedurally deficient. Mr. Lewis stated: "Although the [RO] found that Mr. Lewis's condition had improved, it did not find, as required by [38 C.F.R.] § 3.344(a) that there had been 'material improvement' that was 'reasonably certain . . . [to] be maintained under the ordinary conditions of life.'" J.A. 425 (third alteration in original).

The Veterans Court rejected Mr. Lewis's argument and affirmed the decision of the Board. The court stated that "[n]othing in the text of § 3.344 suggests that the RO has a requirement to issue certain findings in reduction cases." *Lewis*, 2022 WL 17576398, at \*2. The court explained that § 3.344 "guides the Agency as to how to approach a rating reduction case," in that it tells the VA what to review in the record, limits the types of evidence it may use in making a decision and provides for certain considerations to be taken into account ("whether the evidence makes it reasonably certain that the improvement will be maintained under the ordinary conditions of life"). *Id.* "But," the court stated, "there is no language in § 3.344 commanding the RO to issue those findings first lest the reduction have no effect." *Id.* Finding that the Board had made the required findings in its decision, the Veterans Court affirmed the Board's decision. *Id.* at \*3. Mr. Lewis timely appealed.

DISCUSSION

I

On appeal, as he did before the Board and the Veterans Court, Mr. Lewis argues that the July 2016 rating decision was *void ab initio*. Mr. Lewis posits that the plain language of 38 C.F.R. § 3.344 makes it clear that a rating decision in effect for five or more years at the same level, like his 70 percent rating, can only be reduced if certain procedural safeguards are met. Among these and relevant to this case, he states, is the requirement of 38 C.F.R. § 3.344 that a "rating agency *will consider* whether the evidence makes it reasonably certain that the improvement will be maintained under the ordinary conditions of life." Appellant's Br. 15 (quoting 38 C.F.R. § 3.344(a) (emphasis added)).[1] Mr. Lewis continues that the plain language of the regulation requires that the rating agency "will consider," and that consideration can only be demonstrated by making the necessary finding in a rating decision. "Requiring that the rating agency consider a factor without requiring that agency to make that finding on the record would render the regulatory command meaningless." *Id.* In making this argument, Mr. Lewis relies on *Brown v. Brown*, 5 Vet. App. 413, 417–19, 421–22 (1993), and *Stern v. McDonough*, 34 Vet. App. 51, 59 (2021), which he argues stand for the proposition that an RO decision can be

---

[1]    It is undisputed that the term "rating agency" in 38 C.F.R. § 3.344 refers to a VA regional office. *See* 38 C.F.R. § 3.104(a) ("A decision of a VA rating agency is binding on all VA field offices as to conclusions based on the evidence on file at the time VA issues written notification in accordance with 38 U.S.C. [§] 5104. A binding agency decision is not subject to revision except by the Board of Veterans' Appeals, by Federal court order, or as provided in §§ 3.105, 3.2500, and 3.2600."); *see also* Oral arg. at 15:02–16:00 (May 8, 2024) (counsel for the government acknowledging that "rating agency" refers to the RO).

rendered *void ab initio* for failure to make specific findings pursuant to 38 C.F.R. § 3.344.

The Secretary argues that nothing in the text of § 3.344 or any related regulation requires that a rating decision be based exclusively on statements in the RO's decision without reference to the Board's subsequent findings and decision. The Secretary acknowledges that 38 C.F.R. § 3.105(e) requires that a rating decision reducing a disability evaluation for a service-connected disability set forth "all material facts and reasons" and that the VA notify the veteran of the proposed reduction in evaluation. The Secretary also acknowledges that § 3.344 sets forth certain requirements regarding stabilization of disability evaluations. The Secretary states, however, that "Mr. Lewis cites no authority suggesting that, if the RO's proposed notice and reduction decision are deficient, a subsequent decision by the [B]oard that affirms the reduction and provides adequate reasons and bases would not be sufficient to cure such a defect." Appellee's Br. 11. The Secretary therefore urges us to affirm the decision of the Board.

## II

Our jurisdiction to review decisions of the Veterans Court is limited. We may review the validity of a decision with respect to a rule of law or interpretation of a statute or regulation that was relied upon by the Veterans Court in making its decision. 38 U.S.C. § 7292(a). However, except with respect to constitutional issues, we may not review challenges to factual determinations or challenges to the application of a law or regulation to the facts of a case. *Id.* § 7292(d)(2). In reviewing a Veterans Court decision, we decide "all relevant questions of law, including interpreting constitutional and statutory provisions," and we set aside any interpretation thereof "other than a determination as to a factual matter" relied upon by the Veterans Court that we find to be "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or

limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." *Id.* § 7292(d)(1).

We have jurisdiction over Mr. Lewis's appeal because it raises an issue of regulatory interpretation. We review questions of regulatory interpretation *de novo*. *Cavaciuti v. McDonough*, 75 F.4th 1363, 1366 (Fed. Cir. 2023).

## III

Two regulations are at issue in this case. The first is 38 C.F.R. § 3.105(e). It provides in relevant part as follows:

> Where the reduction in evaluation of a service-connected disability or employability status is considered warranted and the lower evaluation would result in a reduction or discontinuance of compensation payments currently being made, a rating proposing the reduction or discontinuance will be prepared setting forth all material facts and reasons.

The second regulation at issue is 38 C.F.R. § 3.344(a). It sets forth certain requirements that must be met before the VA reduces a disability rating. As noted above, as relevant to this appeal, § 3.344(a) states that "though material improvement in the physical or mental condition is clearly reflected[,] the rating agency will consider whether the evidence makes it reasonably certain that the improvement will be maintained under the ordinary conditions of life." 38 C.F.R. § 3.344(a).

Thus, in its decision reducing Mr. Lewis's disability rating for PTSD from 70 percent to 30 percent, pursuant to § 3.105(e) the RO was required to set forth "all material facts and reasons" for the reduction. *See Breland v. McDonough*, 22 F.4th 1347, 1352 (Fed. Cir. 2022) ("Section 3.105(e) plainly states that prior to implementing a disability rating reduction that would 'result in a reduction or discontinuance of compensation payments currently being made,' all material facts and reasons for such a reduction

must be laid out.") (quoting 38 C.F.R. § 3.105(e)).  This included "all material facts and reasons" bearing on the requirement in § 3.344(a) that the VA "consider" whether the improvement it had found in Mr. Lewis's condition would be "maintained under the ordinary conditions of life."  It is undisputed that, in its July 2016 rating decision, the RO failed to state any "facts and reasons" bearing upon the question whether the improvement in Mr. Lewis's condition that it had found would "be maintained under the ordinary conditions of life."  As seen, it is for this reason that Mr. Lewis argues that the decision of the RO was *void ab initio* and that his 70 percent rating should be reinstated, effective the date it was reduced.

We do not agree.  While it is undisputed that the RO failed to make the findings required by § 3.105(e), it also is undisputed that, in its March 2021 decision, the Board did make those findings.  Then, as set forth in Part II of the BACKGROUND section above, the Board's decision examined at length the record of Mr. Lewis's pertinent medical history, beginning in 2009 and continuing through 2016.  And based upon that examination, the Board found that the RO's reduction of Mr. Lewis's disability rating was fully supported by the record.  And, the Board also found that the fact that Mr. Lewis's improved symptoms were maintained during the relevant five-year period of time was "indicative of a disability being maintained under the ordinary conditions of life."  J.A. 32–33.  Indeed, at oral argument, counsel for Mr. Lewis acknowledged that if the RO had made the findings the Board did, Mr. Lewis would not have asserted that the July 2016 RO decision was *void ab initio*.  Oral arg. 5:12–40 (May 8, 2024) ("If you cede that the Board's decision contained all that information . . . and the rating decision did not contain that information . . . if you were to switch them then you might find . . . or believe that that rating decision shouldn't be *void ab initio* because it complies with all the requirements of 3.105(e) and 3.344(a).").

Contrary to Mr. Lewis's argument, *Brown* and *Stern* do not broadly stand for the proposition that an RO decision is rendered void because of the RO's failure to make findings under § 3.105(e) and § 3.344. In *Brown*, the Veterans Court held that *the Board's* decision failed to comply with the requirements of § 3.344(a) and other regulations applicable to rating reductions. 5 Vet. App. at 419–20. In that case, the Board had also erred by requiring, in a reversal of the burden of proof, that the veteran prove by a preponderance of evidence that he was entitled to an unreduced rating. *Id.* at 421–22. Accordingly, the Veterans Court set aside the Board's decision reducing the veteran's rating as "not in accordance with law." *Id.* at 422. In *Stern*, the Veterans Court reversed *the Board's* decision and reinstated an original disability rating where, similar to *Brown*, the Board had failed to make a finding necessary for the lawful reduction of a disability rating. 34 Vet. App. at 59. In doing so, the Court discussed the role of the regulations pertaining to rating reductions, stating:

> [T]he Court has held that reversal and reinstatement is the appropriate remedy where VA has not provided the procedural protections afforded in § 3.105(e), because failure to afford notice and an opportunity to present additional evidence as outlined in that regulation "deprive[s a veteran] of the regulatory process that VA created to help veterans adjust to a reduction in disability compensation payments and to submit evidence or argument to contest such an action."

*Id.* at 56 (quoting *Murphy v. Shinseki*, 26 Vet. App. 510, 516 (2014)). Thus, as the Veterans Court correctly observed in Mr. Lewis's case, "*Brown* held, and *Stern* reaffirmed, that, if *the Board* fails to make the required findings under § 3.344, the [RO's] reduction is *void ab initio*." *Lewis*, 2022 WL 17576398, at *3. In short, neither *Brown* nor *Stern* held that the Board's findings cannot cure a deficiency in an RO decision.

The Board is an appellate body within the VA that has jurisdiction under 38 U.S.C. § 7104 to review decisions made under 38 U.S.C. § 511(a). *Disabled Am. Vets. v. Sec'y of Vets. Affs.*, 327 F.3d 1339, 1346 (Fed. Cir. 2003). As we have explained, "[t]ogether, §§ 511(a) and 7104(a) dictate that the Board acts on behalf of the Secretary in making the ultimate decision on claims and provides 'one review on appeal to the Secretary' of a question 'subject to decision by the Secretary' under § 511(a)." *Id.* at 1347. The Board conducts *de novo* review of RO proceedings based on the entire record. *Disabled Am. Vets. v. Sec'y of Vets. Affs.*, 419 F.3d 1317, 1319 (Fed. Cir. 2005) (first citing 38 U.S.C. § 7104(a); and then citing *Donovan v. West*, 158 F.3d 1377, 1381 (Fed. Cir. 1998)). Accordingly, what the Board did here was fully consistent with the role assigned to it in the statutory scheme and as required by the pertinent regulations: it made the ultimate decision regarding Mr. Lewis's disability rating based on the entire record and taking into account the requirements of § 3.105(e) and § 3.344(a). In doing so, it satisfied the VA's duty to follow the procedural protections in place for ratings reductions.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Veterans Court affirming the decision of the Board.

## **AFFIRMED**

### COSTS

No costs.